IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                            No. CIV-07-0089 JB/LAM
                                                                CR-04-1121 JB

RICARDO LUIS OZUNA-PORTILLO,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody, filed on January 21, 2007 (CV Doc. 1; CR Doc. 29). *See* 28 U.S.C. § 2255 R. 4(b). The Defendant contends that, because of his status as a deportable alien and under the decision in *United States v. Booker*, 543 U.S. 220 (2005), his sentence is illegal. He further asserts that his sentence resulted from ineffective assistance of counsel. For the reasons below, the Court will dismiss the motion.

As a preliminary matter, the Court notes that the Defendant's motion appears to be untimely. On November 1, 2004, the Court entered judgment on the Defendant's conviction. The Defendant did not appeal his conviction or sentence. "Congress has expressly limited the time in which a prisoner can bring a § 2255 motion to one year after his conviction becomes final, and any extension of this time period contravenes Congress' clear intent to accelerate the federal habeas process." *Washington v. United States*, No. 99-3383, 2000 WL 985885, at **2 (10th Cir. July 18, 2000) (denying tolling for inability to obtain transcripts).

The dates above indicate that Defendant filed his motion after expiration of the one-year

limitation period in § 2255. His claims are thus barred and must be dismissed unless there is a basis for equitable tolling. *See United States v. Cordova*, No. 99-1306, 1999 WL 1136759, at **1 (10th Cir. Dec 13, 1999). The Court raises the time bar to this § 2255 motion sua sponte and, typically, would allow the Defendant an opportunity to respond. *See Hare v. Ray*, No. 00-6143, 2000 WL 1335428, at **1 (10th Cir. Sept. 15, 2000) (noting that timeliness was raised sua sponte and allowing response); *Hines v. United States*, 971 F.2d 506, 507-09 (10th Cir. 1992) (same for procedural default). Here, however, the Court will review the merits of the Defendant's motion notwithstanding the time bar. *Cf. United States v. Allen*, 16 F.3d 377, 379 (10th Cir. 1994) (reviewing merits of a motion subject to a procedural bar).

The Defendant first alleges that, because of his status as a deportable alien, the Federal Bureau of Prisons considers him ineligible for certain pre-release custody programs. Petitioner contends that this ineligibility constitutes a mitigating factor in sentencing, entitling him to a downward departure under the sentencing guidelines.[1] His sentence calculation did not include the departure, and he asks that his term of imprisonment be adjusted.

The Defendant's mitigation allegations do not support a constitutional challenge to the execution of his sentence. The United States Court of Appeals for the Tenth Circuit has recently rejected the Defendant's argument. "[Defendant's] request for a downward departure based on the "collateral consequences" of his status as a deportable alien has been foreclosed . . . ." *United States v. Tamayo*, 162 F. App'x 813, 815 (10th Cir. 2006) (internal citations omitted). Under this ruling,

---

[1] The Court previously rejected this claim, which the Defendant raised in his earlier motion seeking an adjustment to his sentence (CR Doc. 26). Although the claim is thus subject to the doctrine of law of the case, *see United States v. Gonzalez*, 98 F. App'x 825, 828 (10th Cir. 2004), the Court reexamines the claim as part of the Defendant's assertion of ineffective assistance of counsel.

the Defendant's allegations of unfair sentence resulting from his deportability do not state a claim for relief against his sentence.[2]

The Defendant's allegations of illegal sentence under *United States v. Booker* likewise fail to support a claim for relief. The benefit of the ruling in *Booker* is not available to a defendant on collateral review of a criminal conviction or sentence. The decision applies only to pending cases and those on direct review. *See United States v. Booker*, 543 U.S. at 268; *United States v. Bellamy*, 411 F.3d 1182, 1188 (10th Cir. 2005); *United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005). As noted above, the Court entered judgment against the Defendant on November 1, 2004, and the Supreme Court of the United States decided *United States v. Booker* on January 12, 2005. Defendant is not entitled to relief under the *Booker* decision, and the Court will dismiss this claim.

As a result of the conclusions above, the Court will also dismiss the Defendant's claim of ineffective assistance. The Defendant alleges that his attorney failed to argue for sentence reduction based on deportability and under the *Booker* standard. "To establish ineffective assistance of counsel, a defendant must show both that his counsel's performance was constitutionally deficient, and that this deficient performance prejudiced him." *United States v. Harfst*, 168 F.3d 398, 402 (10th Cir. 1999). The Court "may address the performance and prejudice components in any order, but need not address both if [Defendant] fails to make a sufficient showing of one." *Cooks v. Ward*, 165 F.3d 1283, 1292-93 (10th Cir. 1998) (citing *Strickland v. Washington*, 466 U.S. 668, 697 (1984)).

The Defendant's allegations make no showing that his attorney's performance at sentencing

---

[2] Nor do the Defendant's allegations support an equal protection claim. " '[T]he federal government can treat aliens differently from citizens so long as the difference in treatment has a rational basis.' . . . We agree . . . [that] there is a rational basis to deem deportable aliens, who will be sent out of the country after the term of their sentence, ineligible for programs geared toward rehabilitating prisoners who will re-enter society after their release from confinement." *United States v. Tamayo*, 162 F. App'x at 816 (citation omitted).

was constitutionally deficient. First, as noted above, the Defendant's deportability argument "has been foreclosed." *See United States v. Tamayo*, 162 F. App'x at 815. And second, his attorney's alleged failure to argue for relief under *United States v. Booker* did not amount to constitutionally deficient representation. *See United States v. Carew*, 140 F. App'x 15, 18 (10th Cir. 2005) ("[C]ounsel's failure to predict *Booker*'s constitutional and remedial holdings is not objectively unreasonable."). "[I]t is safe to say that no one . . . could have predicted the absolute sea-change in federal sentencing that would ultimately be wrought by the Supreme Court in its *Booker* remedial holding." *United States v. Gonzalez-Huerta*, 403 F.3d 727, 750 (10th Cir. 2005) (Briscoe, J., concurring and dissenting)(*quoted in United States v. Carew*, 140 F. App'x at 18). Because there was no error at sentencing, the Defendant cannot establish ineffectiveness of counsel. *See United States v. Tackles*, No. 02-8114, 2003 WL 1849350, at **2 (10th Cir. Apr. 10, 2003). The Court will dismiss this claim. The Defendant is not entitled to relief, *see* § 2255 R. 4(b), and the Court will dismiss his § 2255 motion.

**IT IS THEREFORE ORDERED** that the Defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (CV Doc. 1; CR Doc. 29) filed on January 21, 2007, is dismissed with prejudice; and, pursuant to rule 58(a)(2)(A)(iii) of the Federal Rules of Civil Procedure, *United States v. Sam*, No. 02-2307, 2003 WL 21702490, at *1 (10th Cir. July 23, 2003), judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE